**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| THE BANK OF NEW YORK MELLON U.S. BANK NATIONAL, :  Plaintiff, : : v. : JAMES A. HEGEDUS and VIRGINIA E. : HEGEDUS, :  Defendants. : | **Civ. No. 21-856-RGA** Superior Court of the State of Delaware in and for Sussex County C.A. No. S15L-12-053 |

**MEMORANDUM**

On June 15, 2021, Defendants James A. Hegedus and Virginia E. Hegedus ("Defendants") filed a notice of removal of Delaware State Court C.A. No. S15L-12-053. (D.I. 1) Defendants appear *pro se* and have paid the filing fee. Defendants filed a motion for supplemental pleading and a request for default. (D.I. 3, 8). Plaintiff moves for remand. (D.I. 5). Briefing is complete. For the reasons discussed below, the Court will grant the motion to remand the matter to the Superior Court of the State of Delaware in and for Sussex County, will grant the motion for supplemental pleadings, and will deny the request for default.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

Defendants did not provide a copy of the complaint with their notice of removal. This is not the first time, however, that Defendants have removed Superior Court C.A. No. S15L-12-053 to this Court. *See Bank of New York, Mellon v. Hegedus*, Civ. No. 18-1372-LPS. As explained in the Court's November 6, 2018 memorandum and order that remanded Delaware State Court C.A. No. S15L-12-053 to State Court,

> On December 29, 2015, Plaintiff filed an In Rem Scire Facias mortgage foreclosure complaint in the Superior Court of the State of Delaware in and for Sussex County, C.A. No. S15L-12-053. The complaint sought foreclosure of property located in Delaware. On December 18, 2017, the Superior Court ruled in favor of Plaintiff and against Defendants. Defendants appealed to the Delaware Supreme Court, No. 21, 2018. On July 10, 2018, the Delaware Supreme Court affirmed the Superior Court on the basis of and for the reasons assigned by the Superior Court in its December 18, 2017 opinion. *See Hegedus v. Bank of New York Mellon*, 2018 WL 3375360 (Del. 2018) (table). Defendants sought rehearing en banc, and it was denied on July 25, 2018.
>
> Defendants removed the matter on September 5, 2018. The notice of removal states that the case was brought under State law, but there is federal question jurisdiction under 42 U.S.C. § 1983 for violation of constitutional rights under the Fifth and Fourteenth Amendments.

*Bank of New York, Mellon v. Hegedus,* Civ. No. 18-1372-LPS, at D.I. 13 (citations to docket entries omitted) (D.Del. Nov. 6, 2018).

This Court remanded the matter for lack of jurisdiction. Since then, Defendants filed for bankruptcy; a Sheriff's Sale was held on March 16, 2021, and the property was sold; the Sheriff returned and filed the sale with the Prothonotary on April 23, 2021; Defendants filed an objection to the confirmation of Sheriff's Sale; and Defendants filed a motion to set aside the confirmation of the Sheriff's Sale. *U.S. Bank Nat'l Ass'n as Trustee of NRZ Pass Through Trust IX v. Hegedus*, 2021 WL 1987484, at *1-2 (Del. Super. Ct. May 18, 2021).

After confirmation of the Sheriff's Sale on May 18, 2021, Defendants removed the case for the second time, on June 15, 2021. In the notice of removal, they included the May 18, 2021 Order confirming the Sheriff's Sale. (D.I. 1-3 at 13-16). The Order denied Defendants' objection to the confirmation of the Sheriff's Sale, confirmed the Sheriff's Sale, and denied the motion to set aside confirmation of the Sheriff's Sale. (*Id.* at 15-16). Defendants' supplemental pleading includes a June 21, 2021 Order that denied their motion for recission and relief from the May 18, 2021 Order. (D.I. 4-1 at 3-9).

2

Plaintiff timely filed a motion to remand. (D.I. 5). Plaintiff seeks remand under the well-pleaded complaint rule, the *Rooker-Feldman* Doctrine, and res judicata. (D.I. 6). Defendants oppose. (D.I. 7). On August 20, 2021, Defendants filed a request for Plaintiff's entry of default. (D.I. 8).

## II.   LEGAL STANDARD

The exercise of removal jurisdiction is governed by 28 U.S.C. § 1441(a), which states that, in order to remove a civil action from state court to federal court, a district court must have original jurisdiction by either a federal question or diversity of citizenship. *See* 28 U.S.C. §§ 1331, 1332, 1441(a). The statute is strictly construed, requiring remand to state court if any doubt exists over whether removal was proper. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104 (1941).

A court will remand a removed case "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The party seeking removal bears the burden to establish federal jurisdiction. *Steel Valley Auth. v. Union Switch & Signal Div. Am. Standard, Inc.*, 809 F.2d 1006, 1010 (3d Cir. 1987). In determining whether remand based on improper removal is appropriate, the court "must focus on the plaintiff's complaint at the time the petition for removal was filed," and assume all factual allegations therein are true. *Id.* at 1010.

## III.   DISCUSSION

Defendants removed this case pursuant to the federal removal statute, 28 U.S.C.§ 1441(a). Defendants' basis for removal of the case is federal question jurisdiction under 28 U.S.C. § 1331. The notice of removal purports to base federal question jurisdiction upon 42 U.S.C. § 1983 by reason of violations of their constitutional

3

rights. (D.I. 1 at 3, 7.) Defendants indicate when the case was filed in Superior Court, it raised questions under state law.

Plaintiff moves for remand based upon the "well-pleaded complaint" rule. In commencing an action, Plaintiff decides whether to assert a federal claim, a state claim, or both. See *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). When analyzing federal subject matter jurisdiction, courts have traditionally looked to the well-pleaded complaint rule. *Id.* Under that rule, a cause of action "'arises under' federal law, and removal is proper, only if there is a federal question presented on the face of the plaintiff's properly pleaded complaint." *Dukes v. U.S. Healthcare*, 57 F.3d 350, 353 (3d Cir. 1995). "'[A] case may not be removed to federal court on the basis of a federal defense,' even if the plaintiff's complaint anticipates such defense." *Caterpillar*, 482 U.S. at 392. "Nor can [the d]efendant[] create federal jurisdiction by asserting federal defenses and/or counterclaims to [the p]laintiff's state law foreclosure complaint." *Green Tree Servicing LLC v. Dillard*, 88 F. Supp. 3d 399, 402 (D.N.J. 2015) (ordering remand because mortgage foreclosure is a state law case, and defendant's assertion of issues under the FDCPA does not create federal jurisdiction).

In the instant case, Plaintiff filed an action to foreclose a mortgage, a state law case, that does not arise under federal law. Defendants' position is now that their constitutional rights were violated during the foreclosure proceedings. However, as stated under the well-pleaded complaint rule, defenses and counterclaims do not create federal court jurisdiction. This Court does not have jurisdiction by reason of a federal question under 28 U.S.C. § 1331. As an aside, the Court notes that the § 1983 claim fails as a matter of law because there are no allegations that Defendants were deprived

of a federal right by a person who acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Accordingly, the Court concludes that it does not have subject matter jurisdiction in this matter.

Therefore, the motion to remand will be granted.[1]

## IV. CONCLUSION

For the above reasons the Court will: (1) grant Defendants' motion for supplemental pleading; (2) grant Plaintiff's motion to remand; (3) deny Defendants' request for entry of default; and (4) remand this case to the Superior Court of the State of Delaware in and for Sussex County.

An appropriate order will be entered.

March __, 2022
Wilmington, Delaware

　　　　　　　　　　　　　　　　　　　／s／ Richard G. Andrews
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[1] Since there was no basis for the removal, the Court does not address Plaintiff's other arguments concerning the *Rooker-Feldman* doctrine and res judicata.